IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80634-TJM |
| | ) | |
| TERENCE PATRICK HICKEY, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on June 25, 2007, on Debtor's Chapter 13 Plan (Fil. #6), an Objection thereto filed by Deere & Company (Fil. #15), and an Objection by the Chapter 13 Trustee (Fil. #12). John T. Turco appeared for Debtor, Brandon R. Tomjack appeared for Deere & Company ("Deere"), and Marilyn Abbott appeared for the Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

This proceeding presents a unique twist on the applicability and meaning of the "hanging paragraph" of 11 U.S.C. § 1325(a)(9). Specifically, does the language "acquired for the personal use of the debtor" as used in that paragraph apply only if the collateral is a motor vehicle or does it also apply to collateral that "consists of any other thing of value"? I find that it applies only to motor vehicles.

The underlying facts are not in dispute. Debtor acknowledges that Deere has a purchase money security interest in a John Deere tractor acquired by Debtor within the one-year period prior to bankruptcy filing. Further, the parties agree the tractor is not a motor vehicle as defined in the statute and is used by Debtor for business purposes.

As part of the 2005 bankruptcy amendments, a new provision commonly referred to as the "hanging paragraph" was added immediately following 11 U.S.C. § 1325(a)(9), which provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Section 506 provides that an allowed claim is secured to the extent of the value of the creditor's interest in the property. 11 U.S.C. § 506(a). Thus, a debtor cannot use the valuation provisions of § 506 to "cram down" the claim of a creditor holding a purchase money security interest falling within the terms of the hanging paragraph.

Debtor advances the proposition that if the collateral is not a motor vehicle, a one-year period is substituted for the 910-day period, but that all the other elements of the paragraph remain, including the requirement that the collateral be "acquired for the personal use of the debtor." Thus, according to Debtor, since the tractor is not for the personal use of Debtor, the collateral may be valued under § 506 and the debt can be crammed down.

Counsel for the parties, as well as this Court, were unable to find any reported decisions discussing this specific issue. The parties did direct the Court's attention to two reported decisions addressing the portion of the hanging paragraph dealing with collateral that consists of "any other thing of value." In *In re Curtis*, 345 B.R. 756 (Bankr. D. Utah 2006), the bankruptcy court in Utah found that the purchase money security interest requirement also applied to the situation where the collateral consists of "any other thing of value." *Id.* at 757-58. *See also In re Ellegood*, 362 B.R. 696 (Bankr. E.D. Va. 2007). In agreeing with the *Curtis* court, the *Ellegood* court stated:

> This Court agrees with the conclusions in *In re Curtis* and *In re Parish*. The provisions of the "hanging paragraph" create two protected categories of secured debt, each requiring that the creditor possess a purchase money security interest. Motor vehicles are excluded from the provisions of Section 506 of the Bankruptcy Code if the debt is incurred within the 910-day period prior to the bankruptcy filing. Collateral other than a motor vehicle is excluded if the debt is incurred within one year prior to the bankruptcy filing. Each instance, however, requires that the creditor possess a purchase money security interest in either the motor vehicle or other collateral.

*Id.* at 704.

The *Ellegood* court also found some guidance in the legislative history of this section. In discussing this section of the amendment, the report of the House of Representatives provided, in part, as follows:

> Section 306(b) adds a new paragraph to section 1325(a) of the Bankruptcy Code specifying that Bankruptcy Code section 506 does not apply to a debt incurred within the two and one-half year period preceding the filing of the bankruptcy case if the debt is secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor within 910 days preceding the filing of the petition. Where the collateral consists of any other type of property having value, section 306(b) provides that section 506 of the Bankruptcy Code does not apply if the debt was incurred during the one-year period preceding the filing of the bankruptcy case.

*Ellegood*, 362 B.R. at 698-99 n.3 (quoting H.R.Rep. No. 109-31(I), Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 109th Cong. (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 103).

The language used in the House report closely follows the plain language of the statute. In describing the collateral for a debt incurred within the 910 days preceding the bankruptcy filing, the

statute specifically refers to "a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor." It is not simply a motor vehicle, but instead a motor vehicle acquired for the personal use of the debtor. The second part of the paragraph pertains only to the situation where collateral consists of any other thing of value – that is, the collateral is not a motor vehicle acquired for the personal use of the debtor. The plain language indicates that the modifier "acquired for the personal use of the debtor" applies to motor vehicles, and is not one of the applicable elements of the hanging paragraph when the collateral for the debt consists of any other thing of value.

Accordingly, since the John Deere tractor is clearly "any other thing of value," and since Deere has a purchase money security interest securing a debt that was incurred within the one-year period preceding the bankruptcy filing, the terms of the hanging paragraph at 11 U.S.C. § 1325(a)(9) provide that Deere's claim may not be bifurcated under § 506 of the Bankruptcy Code. Therefore, Deere's objection to confirmation is sustained.

Separate order to be entered.

DATED:  June 28, 2007.

> BY THE COURT:
>
>  /s/ Thomas L. Saladino
> United States Bankruptcy Judge

Notice given by the Court to:
    *John T. Turco
    Brandon R. Tomjack
    Marilyn Abbott/Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.